| STATE OF INDIANA ) | IN THE ALLEN SUPERIOR COURT |
|---|---|
| ) SS: | |
| COUNTY OF ALLEN ) | CAUSE NO. |

HEATHER BOLINGER, )
)
     Plaintiff, )
)
     v. )
)
KROGER LIMITED PARTNERSHIP I, d/b/a )
THE KROGER CO. d/b/a )
"KROGER MARKETPLACE", )
)
     Defendant. )

## COMPLAINT

Plaintiff by counsel, alleges the following against Defendant:

1. Plaintiff Heather Bolinger was a qualified employee for Defendant "Kroger" and claims herein that she was discriminated against, discharged, and retaliated against, all in violation of the American's with Disability Act 1990, 42 U.S.C. § 12111 *et seq.* ("ADA") and the Family Medical Leave Act of 1993, 29 U.S.C. § 2601 *et seq.* ("FMLA"). Plaintiff also alleges that she was discriminated against, retaliated against, and discharged on account of her using insurance/plan benefits of her employer contrary to the provisions of the Employment Retirement Income Security Act of 1974, as amended 29 U.S.C. § 1140 ("ERISA Section 510").

2. Defendant Kroger Limited Partnership I d/b/a The Kroger Co., d/b/a "Kroger Marketplace" or "Kroger" is an employer for purposes of the ADA and the FMLA, and Kroger had a "Plan" of insurance in effect, and Plaintiff was a member and beneficiary of that plan, and as a participant in that plan Plaintiff utilized plan benefits to pay for her various physical

−1−

and emotional maladies and treatment therefore.

3. Plaintiff filled out, signed, and sent a Charge of Discrimination to the Equal Employment Opportunity Commission ("EEOC"), No. 470-2017-00761, on or about December 28, 2016, a copy of which is attached hereto, made a part hereof, and incorporated herein as Exhibit A. The EEOC issued a Notice of Right to Sue on or about July 10, 2017 (Exhibit B), and this Complaint has been issued within 90 days after receipt thereof.

4. Plaintiff was a qualified individual with a disability, and/or was perceived and regarded as being disabled, and/or was considered as disabled by her employer (Kroger), because she suffered from a variety of serious health conditions and physical and mental maladies including Crohn's Disease, bowel issues, emotional and physiological issues, depression, anxiety, for which she needed medications as well as repeated physician psychiatrist appointments, all of which were paid for by Defendant's insurance plan.

5. Plaintiff attempted to engage in the interactive process with Defendant by communicating with management about her need for reasonable accommodations. Plaintiff spoke with Human Resources which, even after Plaintiff took FMLA and was released to go back to work, refused to give Plaintiff back her job and would not give her "hours" back on the schedule. In fact, Kroger refused to give Plaintiff her old job back claiming that she was "unreliable" because of her usage of the FMLA. Plaintiff was deprived of the substantive benefits of the FMLA (return to work at her previous position and being given her full schedule of hours to work), her job was interfered with, and she suffered retaliation for having taken the FMLA (her hours were reduced and she was in danger of losing and lost her insurance benefits because of the reduced hours).

6. Defendant's retaliation against the Plaintiff in violation of the FMLA and the ADA consisted of refusing to interact with and provide reasonable accommodations to the Plaintiff, refusing to grant Plaintiff transfer so that she could keep her job and health insurance, falsely claiming that Plaintiff had lots of write-ups (which is false and pretextual), reducing Plaintiff's hours so that she would lose her insurance, reducing Plaintiff's hours on the schedule which was Defendant's attempt to get Plaintiff to quit or resign -- and all of this was done intentionally and in reckless disregard of Plaintiff's federally protected civil rights under both the ADA and the FMLA.

7. As a direct and approximate result of Defendant's intentional acts of discrimination under the ADA and the FMLA, as well as acts of retaliation under the ADA and the FMLA, Plaintiff has lost work, she has suffered a loss if income, and benefits, she has suffered emotional distress, mental anguish, humiliation, embarrassment, financial distress, inconvenience, and other damages and injuries for which she seeks compensatory damages, liquidated damages under the FMLA, and punitive damages under the ADA.

8. Plaintiff seeks reinstatement to her previous position prior to taking the FMLA and needing reasonable accommodations, and she seeks reasonable attorney's fees and costs, and all other equitable and legal relief available under the FMLA and the ADA.

WHEREFORE, Plaintiff prays for judgment against the Defendant, for compensatory damages, punitive damages, liquidated damages, reinstatement, back pay, front pay, and for all other just and proper relief available under the ADA and the FMLA, including reasonable

attorney's fees and costs.

## JURY DEMAND

Pursuant to Rule 38 of the Indiana Rules of Trial Procedure, Plaintiff demands a trial by jury in this action.

        Respectfully submitted,

        **CHRISTOPHER C. MYERS & ASSOCIATES**

        /s/ Christopher C. Myers
        Christopher C. Myers, #10043-02
        809 South Calhoun Street, Suite 400
        Fort Wayne, IN 46802
        Telephone:   (260) 424-0600
        Facsimile:    (260) 424-0712
        Attorney for Plaintiff

EEOC Form 5 (11/09)

| CHARGE OF DISCRIMINATION | Charge Presented To: | Agency(ies) Charge No(s): |
|---|---|---|
| This form is affected by the Privacy Act of 1974. See enclosed Privacy Act Statement and other information before completing this form. | ☐ FEPA<br>☒ EEOC | 470-2017-00761 |

Equal Employment Opportunity Commission and EEOC
State or local Agency, if any

| Name (indicate Mr., Ms., Mrs.) | Home Phone (Incl. Area Code) | Date of Birth |
|---|---|---|
| Heather Bolinger | 260-750-4158 | |

| Street Address | City, State and ZIP Code |
|---|---|
| 11604 Leo Road | Fort Wayne, IN 46845 |

Named is the Employer, Labor Organization, Employment Agency, Apprenticeship Committee, or State or Local Government Agency That I Believe Discriminated Against Me or Others. (If more than two, list under PARTICULARS below.)

| Name | No. Employees, Members | Phone No. (Include Area Code) |
|---|---|---|
| Kroger Marketplace | 50+ | 260-637-4504 |

| Street Address | City, State and ZIP Code |
|---|---|
| 601 E. Dupont Road | Fort Wayne, IN 46825 |

DISCRIMINATION BASED ON (Check appropriate box(es).) Americans With Disabilities Act

☐ RACE ☐ COLOR ☐ SEX ☐ RELIGION ☐ NATIONAL ORIGIN
☒ RETALIATION ☐ AGE ☒ DISABILITY ☐ GENETIC INFORMATION
☐ OTHER (specify)

DATE(S) DISCRIMINATION TOOK PLACE
Earliest: 10/2016    Latest: 12/2016

☒ CONTINUING ACTION

THE PARTICULARS ARE (If additional paper is needed, attach extra sheet(s)):

I. Complainant, Heather Bolinger, worked for Respondent Kroger Marketplace on Dupont Road in Fort Wayne, Indiana at least twenty hours a week, from 4:00 a.m. until 9:00 a.m. Complainant alleges that she was discriminated against and discharged on account of her disability (Crohn's Disease, bowel issues, emotional and psychological issues). Complainant was a qualified individual with a disability and that she suffered substantial impairments to everyday life activities but she could still perform the essential functions of her job either with or without reasonable accommodations. Complainant tried to interact with Respondent's management/supervisors, but they refused to interact and denied Complainant the reasonable accommodations of either staying off work in order to rehabilitate so that she could come back to work to perform the essential functions of her job, and/or refused to grant Complainant transfers so that she could keep her job and keep her health insurance. Instead, Respondent falsely claimed that Complainant had lots of write ups, which is untrue and false. Respondent retaliated against Complainant and reduced her hours so that she would lose her insurance, and reduced her hours which would cause Complainant to resign. To date (December 28, 2016), Complainant has not resigned; instead, Complainant has continuously tried to deal with Respondent's management so that Complainant could keep her hours at least twenty hours a week so that she could keep her health insurance.

II. Respondent has acted intentionally and in reckless disregard of Complainant's federally protected civil rights (under both the ADA and FMLA) Complainant alleges that she took medical leave under the FMLA, and that Respondent is now retaliating against and punishing Complainant for being disabled, for having a serious health condition, for taking and asking for medical leave under both ADA and the FMLA. Because of the actions of Respondent, Complainant has lost hours at work, and as a consequence, has lost or is losing her health insurance benefits. Complainant request that Respondent pay all of her medical bills that would otherwise be paid for by insurance, pay for her lost income, pay compensatory damages for emotional distress and mental anguish

EXHIBIT A

caused by Respondent's discrimination and retaliation, and pay Complainant reasonable punitive damages.

| | |
|---|---|
| I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or phone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures | NOTARY – When necessary for State and Local Agency Requirements<br><br>_Adi K. Kr_____ Exp. 12/20/2024 |
| I declare under penalty of perjury that the above is true and correct. | I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief.<br><br>SIGNATURE OF COMPLAINANT<br>_Heather P. Bolinger_ |
| 12-28-16　　_Heather P. Bolinger_<br>Date　　　　Charging Party Signature | SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE<br>(month, day, year)<br>12-28-2016 |

USDC IN/ND case 1:17-cv-00405-PLS-SLC document 4 filed 09/26/17 page 7 of 9

Filed: 9/26/2017 5:47 PM
Clerk
Allen County, Indiana

02D01-1709-CT-000525
Allen Superior Court 1

EEOC Form 161-B (11/16)

## U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

### NOTICE OF RIGHT TO SUE (ISSUED ON REQUEST)

To: Heather Bolinger
11604 Leo Road
Fort Wayne, IN 46845

From: Indianapolis District Office
101 West Ohio St
Suite 1900
Indianapolis, IN 46204.

[ ] On behalf of person(s) aggrieved whose identity is CONFIDENTIAL (29 CFR §1601.7(a))

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 470-2017-00761 | Daphne Gilmore, Investigator | (317) 226-6718 |

(See also the additional information enclosed with this form.)

**NOTICE TO THE PERSON AGGRIEVED:**

Title VII of the Civil Rights Act of 1964, the Americans with Disabilities Act (ADA), or the Genetic Information Nondiscrimination Act (GINA): This is your Notice of Right to Sue, issued under Title VII, the ADA or GINA based on the above-numbered charge. It has been issued at your request. Your lawsuit under Title VII, the ADA or GINA **must be filed in a federal or state court WITHIN 90 DAYS** of your receipt of this notice; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a claim under state law may be different.)

[X] More than 180 days have passed since the filing of this charge.

[ ] Less than 180 days have passed since the filing of this charge, but I have determined that it is unlikely that the EEOC will be able to complete its administrative processing within 180 days from the filing of this charge.

[X] The EEOC is terminating its processing of this charge.

[ ] The EEOC will continue to process this charge.

**Age Discrimination in Employment Act (ADEA):** You may sue under the ADEA at any time from 60 days after the charge was filed until 90 days after you receive notice that we have completed action on the charge. In this regard, the paragraph marked below applies to your case:

[ ] The EEOC is closing your case. Therefore, your lawsuit under the ADEA must be filed in federal or state court **WITHIN 90 DAYS** of your receipt of this Notice. Otherwise, your right to sue based on the above-numbered charge will be lost.

[ ] The EEOC is continuing its handling of your ADEA case. However, if 60 days have passed since the filing of the charge, you may file suit in federal or state court under the ADEA at this time.

**Equal Pay Act (EPA):** You already have the right to sue under the EPA (filing an EEOC charge is not required.) EPA suits must be brought in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that backpay due for any violations that occurred **more than 2 years (3 years)** before you file suit may not be collectible.

If you file suit, based on this charge, please send a copy of your court complaint to this office.

On behalf of the Commission

_Daphne K. Gilmore_
Michelle Eisele,
District Director

JUL 1 0 2017
(Date Mailed)

Enclosures(s)

cc: Mark Fjelde
Assoc. Labor Relations Spec. HR
KROGER CENTRAL DIVISION
5960 Castleway West Drive
Indianapolis, IN 46250

Skyler Spurling-Newsome
Christopher C. Myers & Associates
809 S. Calhoun Street
Fort Wayne, IN 46802

EXHIBIT
B

Enclosure with EEOC
Form 161-B (11/16)

# INFORMATION RELATED TO FILING SUIT
# UNDER THE LAWS ENFORCED BY THE EEOC

*(This information relates to filing suit in Federal or State court under Federal law.*
*If you also plan to sue claiming violations of State law, please be aware that time limits and other*
*provisions of State law may be shorter or more limited than those described below.)*

PRIVATE SUIT RIGHTS -- **Title VII of the Civil Rights Act, the Americans with Disabilities Act (ADA), the Genetic Information Nondiscrimination Act (GINA), or the Age Discrimination in Employment Act (ADEA):**

In order to pursue this matter further, you must file a lawsuit against the respondent(s) named in the charge **within 90 days of the date you *receive* this Notice**. Therefore, you should **keep a record of this date**. Once this 90-day period is over, your right to sue based on the charge referred to in this Notice will be lost. If you intend to consult an attorney, you should do so promptly. Give your attorney a copy of this Notice, and its envelope, and tell him or her the date you received it. Furthermore, in order to avoid any question that you did not act in a timely manner, it is prudent that your suit be filed **within 90 days of the date this Notice was *mailed* to you** (as indicated where the Notice is signed) or the date of the postmark, if later.

Your lawsuit may be filed in U.S. District Court or a State court of competent jurisdiction. (Usually, the appropriate State court is the general civil trial court.) Whether you file in Federal or State court is a matter for you to decide after talking to your attorney. Filing this Notice is not enough. You must file a "complaint" that contains a short statement of the facts of your case which shows that you are entitled to relief. Courts often require that a copy of your charge must be attached to the complaint you file in court. If so, you should remove your birth date from the charge. Some courts will not accept your complaint where the charge includes a date of birth. Your suit may include any matter alleged in the charge or, to the extent permitted by court decisions, matters like or related to the matters alleged in the charge. Generally, suits are brought in the State where the alleged unlawful practice occurred, but in some cases can be brought where relevant employment records are kept, where the employment would have been, or where the respondent has its main office. If you have simple questions, you usually can get answers from the office of the clerk of the court where you are bringing suit, but do not expect that office to write your complaint or make legal strategy decisions for you.

PRIVATE SUIT RIGHTS -- **Equal Pay Act (EPA):**

EPA suits must be filed in court within 2 years (3 years for willful violations) of the alleged EPA underpayment: back pay due for violations that occurred **more than 2 years (3 years) before you file suit** may not be collectible. For example, if you were underpaid under the EPA for work performed from 7/1/08 to 12/1/08, you should file suit **before 7/1/10** – *not* 12/1/10 -- in order to recover unpaid wages due for July 2008. This time limit for filing an EPA suit is separate from the 90-day filing period under Title VII, the ADA, GINA or the ADEA referred to above. Therefore, if you also plan to sue under Title VII, the ADA, GINA or the ADEA, in addition to suing on the EPA claim, suit must be filed within 90 days of this Notice **and** within the 2- or 3-year EPA back pay recovery period.

ATTORNEY REPRESENTATION -- **Title VII, the ADA or GINA:**

If you cannot afford or have been unable to obtain a lawyer to represent you, the U.S. District Court having jurisdiction in your case may, in limited circumstances, assist you in obtaining a lawyer. Requests for such assistance must be made to the U.S. District Court in the form and manner it requires (you should be prepared to explain in detail your efforts to retain an attorney). Requests should be made well before the end of the 90-day period mentioned above, because such requests do **not** relieve you of the requirement to bring suit within 90 days.

ATTORNEY REFERRAL AND EEOC ASSISTANCE -- **All Statutes:**

You may contact the EEOC representative shown on your Notice if you need help in finding a lawyer or if you have any questions about your legal rights, including advice on which U.S. District Court can hear your case. If you need to inspect or obtain a copy of information in EEOC's file on the charge, please request it promptly in writing and provide your charge number (as shown on your Notice). While EEOC destroys charge files after a certain time, all charge files are kept for at least 6 months after our last action on the case. Therefore, if you file suit and want to review the charge file, please make your review request **within 6 months** of this Notice. (Before filing suit, any request should be made within the next 90 days.)

*IF YOU FILE SUIT, PLEASE SEND A COPY OF YOUR COURT COMPLAINT TO THIS OFFICE.*

**NOTICE OF RIGHTS UNDER THE ADA AMENDMENTS ACT OF 2008 (ADAAA):** The ADA was amended, effective January 1, 2009, to broaden the definitions of disability to make it easier for individuals to be covered under the ADA/ADAAA. A disability is still defined as (1) a physical or mental impairment that substantially limits one or more major life activities (actual disability); (2) a record of a substantially limiting impairment; or (3) being regarded as having a disability. *However, these terms are redefined, and it is easier to be covered under the new law.*

<u>If you plan to retain an attorney to assist you with your ADA claim, we recommend that you share this information with your attorney and suggest that he or she consult the amended regulations and appendix, and other ADA related publications, available at http://www.eeoc.gov/laws/types/disability_regulations.cfm.</u>

"Actual" disability or a "record of" a disability (note: if you are pursuing a failure to accommodate claim you must meet the standards for either "actual" or "record of" a disability):

- **The limitations from the impairment no longer have to be severe or significant** for the impairment to be considered substantially limiting.
- In addition to activities such as performing manual tasks, walking, seeing, hearing, speaking, breathing, learning, thinking, concentrating, reading, bending, and communicating (more examples at 29 C.F.R. § 1630.2(i)), **"major life activities" now include the operation of major bodily functions**, such as: functions of the immune system, special sense organs and skin; normal cell growth; and digestive, genitourinary, bowel, bladder, neurological, brain, respiratory, circulatory, cardiovascular, endocrine, hemic, lymphatic, musculoskeletal, and reproductive functions; or the operation of an individual organ within a body system.
- **Only one** major life activity need be substantially limited.
- With the exception of ordinary eyeglasses or contact lenses, **the beneficial effects of "mitigating measures"** (e.g., hearing aid, prosthesis, medication, therapy, behavioral modifications) **are not considered** in determining if the impairment substantially limits a major life activity.
- An impairment that is **"episodic"** (e.g., epilepsy, depression, multiple sclerosis) or **"in remission"** (e.g., cancer) is a disability if it **would be substantially limiting when active**.
- An impairment **may be substantially limiting even though** it lasts or is expected to last **fewer than six months**.

"Regarded as" coverage:
- An individual can meet the definition of disability if an **employment action was taken because of an actual or perceived impairment** (e.g., refusal to hire, demotion, placement on involuntary leave, termination, exclusion for failure to meet a qualification standard, harassment, or denial of any other term, condition, or privilege of employment).
- "Regarded as" coverage under the ADAAA no longer requires that an impairment be substantially limiting, or that the employer perceives the impairment to be substantially limiting.
- The employer has a defense against a "regarded as" claim only when the impairment at issue is objectively *BOTH* transitory (lasting or expected to last six months or less) *AND* minor.
- A person is not able to bring a failure to accommodate claim *if* the individual is covered only under the "regarded as" definition of "disability."

*Note: Although the amended ADA states that the definition of disability "shall be construed broadly" and "should not demand extensive analysis," some courts require specificity in the complaint explaining how an impairment substantially limits a major life activity or what facts indicate the challenged employment action was because of the impairment. Beyond the initial pleading stage, some courts will require specific evidence to establish disability.* For more information, consult the amended regulations and appendix, as well as explanatory publications, available at http://www.eeoc.gov/laws/types/disability_regulations.cfm.